May it please the Court and Counsel, my name is Keith Knowlton. I represent the appellant in this case, Robert Craig. He's currently serving a 10-year sentence in the state Arizona prison system for child abuse. This isn't about his sentence, nor is this about what he did criminally. This is about the failure of the state of Arizona to present him for his initial appearance within 24 hours as is required by Arizona Criminal Rules of Procedure, Rule 4.1a. Report Rule 4.1a is a unique rule. I haven't found another case looking at whether a state law can create a liberty interest under the United States Constitution, whether it can be enforced under the Due Process Clause 14th Amendment. It's similar to this. The Arizona not only says you have to have the initial appearance in 24 hours, but if you do not, you are to release the inmate. It doesn't matter if it's an arrest on a warrant. It doesn't matter if it's a felony. It doesn't matter what. You have 24 hours or the sheriff is directed to release. What's more important about this statute is there a civil remedy under Arizona law for a violation of that? The Supreme Court of Arizona has recognized a false imprisonment claim for violation of the statute civilly and any other remedies that are available. So there's basically a statutory tort remedy for this? There is a statutory tort. Well, it's a common law tort remedy. We're on statutory. The Supreme Court just recognized, and I'm assuming it's not dicta, that you could go ahead and sue for violations of this. Let me back up. Supreme Court recognized that a violation of this statute does not affect the crime. So if the state violates it or the sheriffs or whoever violates it, the judge is not going to dismiss the claims or take any adverse action to the underlying criminal proceeding and that the rights, either habeas corpus, if you haven't had your initial appearance, or you could then sue civilly. So in addition to being a common law tort in Arizona, you believe it's also a federal constitutional tort? Correct, Your Honor. And I think based on the Oviatt opinion of this Court talking about an Oregon, very similar Oregon statute, it recognized that that statute created a liberty interest. The difference between that statute and this statute is the Oregon statute didn't require release. What we're talking about is free from incarceration. That is the fundamental. That is what due process is about. That is the kind of right we're looking for. When you go look at Sandin, that's the big issue, is whether Sandin and Sandin and the Supreme Court and reversing the framework for evaluating whether state law or procedural rule creates a constitutional right, a liberty interest, and saying that the language of it is no more important. But they still, you're looking at Wolf, you're looking at Olin, you're looking at Meacham, all the Supreme Court opinions on this issue, you look at the substance of the law. What's really going on here? Well, this law requires release from prison. Do you have Judge Teelberg's order handy in front of you? Yes, Your Honor. Would you mind looking at page 11? Yes, Your Honor, I'm there. He says in footnote 5 that essentially you conceded away that liberty interest here was the right to be seen rather than the right to be released, that you at oral argument answered his question along those lines. No, Your Honor, we argued that it was released. Where did this come from, do you know? I do not know where that came from, Your Honor. That's the first time I've seen that. I think very clearly we were arguing that they had to release him and that it was his liberty interest was being released from jail. There are two interests. One is the right to have your hearing in 24 hours. And I think all the cases that have looked at that says, yes, the state law creates a liberty interest, but what is unnecessary delay? Was the argument transcribed? No, Your Honor, as far as I know, it was not transcribed. Do you see what I'm referring to, though? Yes, I do. Counsel, I'd like you to comment on this language, and I'm going to read it to you. It's in the Apollese Brief from Baker. Whatever claims this situation might give rise under state tort law, and we've discussed that this is a tort under Arizona, we think it gives rise to no claim under the United States Constitution. Respondent was indeed deprived of his liberty for a period of days. But it was pursuant to a warrant conforming for the purposes of our decision to the requirements of the Fourth Amendment. And then the last sentence in that paragraph, but we are quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation. Would you comment on that and tell us whether we have to follow that? I don't think Baker has any precedent value here. It's a completely different statute and a completely different situation. You have a series of state law statutes that create the right to a hearing in 24 hours. And I believe in this one, it was a Supreme Court rule that said the hearing had to be in 24 hours. Those cases, the way I read those cases is that the liberty interest is the right to a hearing. What procedures are appropriate is determined by federal constitutional principles. And in those situations, we're talking about three days, four days. You know, the cases are all over the place depending on the facts of the case and the circumstances. We're not talking about a statute like that. We're talking about a statute that requires release, requires it. It's a state statute. What is an officer supposed to do that arrests a person like this and can't find a judge? Is he personally empowered just to release that fellow that he's arrested? Your Honor, yes. And if you look at the footnotes of Rule 4.1, the legislature actually made direction to Mojave County. And this is what they said. In Mojave, Coconino, and Yavapai and other sparsely populated counties, local law enforcement officers will have to decide in each case of a weekend arrest whether to transport the accused to the nearest magistrate on duty or to release him with a notice to appear on an ex-court date. The legislature was very clear this is an absolute rule. The language is absolute. The rule is absolute. You're to release him. Releasing doesn't mean that you're going to lose the conviction and not be able to prosecute. All it means is they have to give him a court date and they will appear. And the failure to follow that is a tort under Arizona law. As I understand the cases, yes, Your Honor. And the side to that one is State v. Gilbert 467P2 631, which is a Supreme Court opinion of Arizona 1970. Let me follow through with that. What is the effect of it being a tort in state law? That doesn't mean it can't also be a federal civil rights claim. Absolutely. If a cop beats somebody up, it can be a state tort of battery. It can also be the deprivation of. . . False arrest, false imprisonment, wrongful prosecution of the state tort sites as well as their civil rights sites. And we have that here. We have a state law. And the real issue here is whether Sandin, the Supreme Court says, and the 9th Circuit case in Watson, which was relied upon the court, that court looked at it and said, wait a minute, there is no right. Criminal rules of procedure do not create constitutional rights. At the same time, that same court, Cider Wolf, said they can. Clearly, the law has not changed. State statutes can create constitutional rights. There's one that does. If you're right, you guys suffered, I presume, nothing more than nominal damage. Is that right? Well, that's the issue that we get to heck about because Heck says that if a judgment in my client's favor implies the invalidity of the sentence, then we can't go forward on it. No, I don't. . . Forgetting Heck for a second, I mean, your guy spent a couple of days in jail you by your reckoning shouldn't have spent, but he got credit for it against his sentence, so. . . Right. And that is a damage issue, and we cited that. And our argument is it's up to the court to determine what damages are left based upon the fact that he got good credit for time served. What, a buck? Even if it is, Your Honor, this was a policy practice procedure in Mojave County. This lawsuit has changed policy practice and procedure. Even if it's nominal, it was an important lawsuit to be brought to change what was going on opposite what the legislature wanted to be done. And as I read the Kerry v. Pfeiffer Supreme Court opinion, we can go forward, even on a Heck situation, for nominal damage to challenge the procedure. I argue that there is more damage than just nominal damages. I argue, and I argued before the judge, you've got a guy who is going to get out three days early but 10 years older. Instead of being with his wife and family at this stage in the game, early on with his wife and family, that's a damage. There are other damages just besides sitting in prison that we can go for in this case. Do you want to reserve a minute or so? Yes, Your Honor. Thank you very much. Good morning. May it please the Court. My name is Jim Jellison, and I represent Mojave County. The appellant in this case, Robert Craig, is currently serving a 10-year sentence for attempted child molestation, and he's currently housed in the Department of Corrections. This case centers around his request for money damages for the first two to three days that he spent in jail on those charges. Mr. Craig was arrested pursuant to a grand jury arrest warrant based on probable cause. He doesn't challenge that. Mr. Craig was seen by a magistrate the Monday after his arrest, which occurred on a Friday, and not just a magistrate but the Superior Court Judge, Judge Kahn. That's a matter that's not in dispute. Do you dispute that he should have been released within 24 hours? I don't dispute the rule. I understand why he wasn't released within 24 hours. Our argument was that that was based on a policy not of Mojave County but of the Mojave County Superior Court. Okay, but that's a separate question, right? I believe that it is a separate question. Do you agree that the state can create a liberty interest? Not under these facts. I don't agree with that. How about in general? After Sandin, I think that that is a questionable proposition. I'm not sure that the state can create a liberty interest simply under its own rules. I think Sandin has moved the analysis away from that and has required the courts to ask themselves that whatever the state procedural rule that may exist or may have been violated, what the courts need to do is determine whether there is a separate federal constitutional right that's been violated as it's defined either by the express terms of the Constitution itself or the interpretation given to the Constitution by the Supreme Court or the Ninth Circuit or the various other courts. I don't think after Sandin you can look at a simple state court rule and say that that creates a constitutionally protected interest. He says that it's not just a simple rule. That's what distinguishes this case from the New York case. It doesn't just say you get a hearing. You get a hearing, and if you don't get the hearing, you have to be released from confinement. That's what distinguishes this case from the other cases. I agree that the rule of criminal procedure that we're dealing with in Arizona is very absolute. It requires release as opposed to requiring a process. But I think that what we need to do is take that analysis further. Let's say that the law enforcement agency doesn't follow the rule and doesn't release the person. What is that person then entitled to from a federal constitutional standpoint? Because when we look at the Fourteenth Amendment and the Due Process Clause, it doesn't say that the government can't deprive a person of property or liberty. Certainly they can do that. What it says is they can't deprive that person of property or liberty without due process. The Baker case has defined what federally appropriate due process is in a situation like that, and it so happens that in this case Mr. Craig did see a judge within the time frame that's clearly indicated by Baker. Baker is a fascinating and interesting case as it applies to these facts for a number of reasons. First is because the facts are so incredibly similar between the two, particularly the time frames and the fact that the arrest started with a valid warrant based on probable cause, but also on the analysis of the difference between the constitutional violation and a potential state tort law violation. The rules are different though, right? The rule in Baker didn't require mandatory release. I agree that the rule here is different than it is in Baker, and the rule is different than it was in Watson, even the Second Circuit case that followed Sandin. But going back to the point, so if this person is deprived of their liberty because they're not released in 24 hours, let's go ahead and say that that's the case, what are they entitled to? What they're entitled to is a hearing to address that deprivation of liberty and whether it was appropriate or not. The hearing that's required under the Supreme Court's decision in Baker is to get to a magistrate around a three-day time frame. At least that was what was acceptable in that case. That's what happened with Mr. Craig. He was incarcerated on the Friday. He was not released on Saturday after 24 hours. He did not see a magistrate on Saturday, but he did see a judge on Monday, and he did receive an opportunity to be heard, to have bonds set, and to do all those other things from a due process standpoint that occur at an arraignment. You admit that if they had waited for another week before bringing him before a magistrate, that he would have a constitutional right? Well, if it was a week, I'd look at some other cases, I suppose. I was pretty satisfied with Baker because of the similarity. I know there's some cases that analyze different time frames, and we know 114 days isn't going to do it, and I think 50 days isn't going to do it, and I don't even think 18 days does it. But I know three days is good enough because Baker tells me that. He can also bring a lawsuit under state law. He has a pending lawsuit in state court. How does that figure into whether or not he has also a federal claim? The analysis, I think, is completely different. The fact is he does have another remedy. No, my question is the fact that he has a state remedy, does that affect whether he has a federal remedy? After Sandin, no, it does not. I would like to comment about the Heck v. Humphrey decision as well because this case, I think, is perhaps a lot simpler than the Sandin-type liberty interest analysis because if this court determines that this case is barred under the doctrine of Heck v. Humphrey, then you don't have to go to any of these other areas. This man is serving a 10-year sentence. He was given pretrial credit, which was made part of that 10-year sentence, and that happened to include that first weekend that he was in jail. Not only that, and the briefs indicate this, there was an actual dialogue between Mr. Craig and his counsel and the judge on the fact that he was going to be getting pretrial credit, and Mr. Craig fully accepted that pretrial credit. That 10-year conviction with its pretrial credit incorporated into it was never challenged, was never overturned, wasn't even an Arizona Criminal Procedure Rule 32 petition offered on the sentence. And now he comes into court and he wants damages, claiming that two or three days of that confinement is unlawful. I think this falls squarely under Heck v. Humphrey. You can't have it both ways. You can't accept pretrial credit, have it woven into a lawful sentence, and then come into court trying to claim that you are entitled to money damages because somehow a part of that lawful sentence is now unlawful. That is precisely what Heck v. Humphrey prohibits, and there are certainly comments in Mr. Craig's brief talking about the fact that the Section 1983 case doesn't invalidate the sentence. Well, we know it doesn't invalidate the sentence, but the Heck case tells us fairly clearly that as long as the implication between the two cases is inconsistent, then that's what it takes for a case to be Heck barred. This is a unique case, but like I said, I think it falls squarely within Heck. Another thing that Heck tells us, and contrary to what we heard from appellants' counsel, is that if the Heck doctrine does apply, the case is barred. And the quote from Heck at 512 U.S. 486 is, quote, not quote now, but if the legal conviction or sentence isn't challenged, then, quote, the complaint must be dismissed, end quote. That's the remedy here. If this Court determines Heck v. Humphrey applies, you don't need to go any further. But if you do go further, the fact that Sandin came down in 1995 and changed the way we analyze situations like this tells us that simply relying on a state rule doesn't cut it. If Mr. Craig was given the due process required by the U.S. Constitution and the interpretation of that Constitution, then he does not have a 1983 claim, even if he might have a separate state tort law claim. Thank you. Mr. Knowlton, you have about a minute left. I think the importance of this case is the importance of the constitutional issues presented. They're extremely important. And in my view, the thoughts of Mojave County and their counsel need to be corrected, even if for nominal damages, the situation needs to be corrected. They need to understand the importance of that state statute. We need to determine the liberty interest. And I think clearly Sandin does not wipe out the principle in Wolfe and in Mecham and in Olin that state law can create it. They're looking at the substance now. What is the law? They're not looking at whether it's shall or mandates anymore. And if you look at those cases, they focus in on one thing, post-judgment trial procedures, jail procedures. The Supreme Court doesn't want us supervising jails. This is pretrial. I think those rules, I think Hewitt applies to this situation. You can look at it and say Hewitt absolutely applies because we're looking at pretrial. We're looking at somebody who hasn't been convicted yet. We're looking at what their rights are. And I think looking at HECC clearly on its own, it doesn't apply. There's nothing about this that challenges the sentence at all. Okay? If the sentence is given, it's ten years. If they gave him credit, that is exciting. We're happy about that. But it doesn't challenge the sentence. It gives us some complications, damages. In the Kerry v. Pythas case, the Supreme Court is clearly on point. HECC doesn't apply if you have nominal damages. Thank you, Your Honor. Thank you, gentlemen. The case was targeted as submitted.
judges: Alarcon, Siler , Silverman